## The collection of JOHN PATTEN's Goods.

A COMPROMISE of a claim belonging to the estate of a deceased person will not be allowed, except in special cases, as in case of insolvency, or doubtful validity of the claim.

H. BREWSTER, *for the petitioners, Sterling and Shailer.*
CHARLES JONES, *for John Patten.*
H. E. KNOX, WILLIAM FULLERTON *and* HENRY A. CRAM, *for other next of kin.*

THE SURROGATE.  This is a petition from the lessees of Patten's hotel, asking that the collector of the estate of John Patten, deceased, be permitted to receive less per annum than the amount of rent reserved by their lease (made in the intestate's lifetime), in consequence of diminution in the value and receipts of the property. The hotel stands upon ground held by the intestate himself, under a Trinity Church lease.  The assent of some of the alleged next of kin is appended in writing to the petition.

The application is opposed by other alleged next of kin, who deny any necessity for a reduction of rent, and aver, by affidavit, that the under lessee, to whom petitioners have sub-let the premises, is a person of large pecuniary means, etc.

The collector of the estate does not appear in these proceedings.

I see several objections to granting the prayer of this petition, the chief of which, and the only one needful to mention here, is that it does not appear that the rent, as now reserved, cannot and will not be paid.  It is my province to direct the action of the collector for the best interests of the estate which he is appointed to take charge of, collect and preserve.  The terms of the lease it is not pretended that I have any power to modify.  If I should direct him, however, as asked by the petition, to ask and receive rent from the premises at only the rate of $2,000 per annum, I would seem to be sanctioning a sacrifice of the interests of the estate which it is my duty, first of all, to protect, to the interests of other persons whom the law considers able to protect their own. As a general rule, this Court will not interfere to allow the compromise of a debt or claim belonging to an estate (under chap. 80, Laws of 1847); except where the debtor is insolvent, or some doubt, at least, is thrown upon the validity of the claim.  In this case, I shall not do it, in the face of opposition from some of the parties assuming

to be interested, and while the question is pending and undetermined before me, which of the two ladies claiming to have been the wife of Mr. Patten is to be declared his widow, and entitled to the administration.